[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15865
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 1, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-80063-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK PINDER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 1, 2010)

Before BLACK, HULL and MARTIN, Circuit Judges.

PER CURIAM:

Mark Pinder appeals his 144-month sentence after pleading guilty to conspiracy to import at least 5 kilograms of cocaine in violation of 21 U.S.C. § 963. Pinder claims his sentence is unreasonable because the district court used his statements regarding other drug trafficking schemes to deny his request for a sentence below the Guideline range. Specifically, Pinder claims he assisted the Government by providing information used by the Government to object to the presentence investigation report (PSI) for Pinder's codefendant, Parson Exana. After review, we affirm Pinder's sentence.[1]

To encourage cooperation with the government, Section 1B1.8 of the Guidelines provides:

> Where a defendant agrees to cooperate with the government by providing information concerning unlawful activities of others, and as part of that cooperation agreement the government agrees that self-incriminating information provided pursuant to the agreement will not be used against the defendant, then such information shall not be used in determining the applicable guideline range, except to the extent provided in the agreement.

U.S.S.G. § 1B1.8(a). The Guideline applies only to the provision of information concerning the unlawful activities of others, not to "an agreement by the defendant simply to detail the extent of his own unlawful activities." U.S.S.G. § 1B1.8

---

[1]We review a final sentence imposed by the district court for reasonableness. *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005). Reasonableness review is akin to the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 4 (2007). Under the abuse-of-discretion standard, we reverse only if the district court's ruling constitutes a clear error of judgment. *United States v. Frazer*, 387 F.3d 1244, 1259 (11th Cir. 2004).

comment. (n.6). Additionally, "'information post-dating the agreement and obtained from independent sources is not barred.'" *United States v. Pham*, 463 F.3d 1239, 1243-44 (11th Cir. 2006) (quoting *United States v. Baird*, 218 F.3d 221, 231 (3d Cir.2000)).

We conclude the district court did not err by relying on Pinder's previous drug smuggling experience to deny his request for a downward variance. Although U.S.S.G. § 1B1.8 does prohibit the district court from relying on information provided to the Government as part of a cooperation agreement, Pinder has failed to identify any cooperation agreement with the Government. The record lacks any mention of such an agreement, and instead shows the Government learned of Pinder's prior drug smuggling trips from taped conversations during Pinder's commission of the offense. *See Pham*, 463 F.3d at 1244 ("[S]o long as the information is obtained from independent sources or separately gleaned from codefendants, it may be used at sentencing without violating § 1B1.8."). Further, the district court relied on factual allegations in Pinder's PSI, which Pinder failed to object to and thus admitted for sentencing purposes. *See United States v. Wade*, 458 F.3d 1272, 1277 (11th Cir. 2006). Accordingly, we affirm Pinder's sentence.

**AFFIRMED.**